UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

J. J. KELLER & ASSOCIATES, INC.,

    Plaintiff,

vs.

PERROTTO BUILDERS, LTD.,

    Defendant.

Case No. 16-CV-603

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff J. J. Keller & Associates, Inc. ("J. J. Keller"), by and through its attorneys, Michael Best & Friedrich LLP, states for its Complaint against Defendant Perrotto Builders, Ltd. ("Perrotto") the following:

## PARTIES

1. J. J. Keller is a Wisconsin corporation with its principal place of business located at 3003 Breezewood Lane, Neenah, Wisconsin 54957 and is in the business of providing innovative publishing, supply and service solutions to assist other businesses in effectively managing risk, regulatory compliance and related best practices.

2. On information and belief, Perrotto is a Pennsylvania corporation with its principal place of business located at 426 Warren Street, Reading, Pennsylvania 19601 and is a general contractor/construction management company.

## JURISDICTION AND VENUE

3. This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. This Court has personal jurisdiction over Defendant Perrotto because Perrotto knowingly copied J. J. Keller's copyrighted products and therefore committed an intentional tort against J. J. Keller, a resident of this judicial district, with the knowledge that J. J. Keller would be harmed and which, in fact, has caused harm to J. J. Keller in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## BACKGROUND FACTS

7. J. J. Keller is known for providing products and services related to managing risk and regulatory compliance, specifically in the Transportation, Industrial/Workplace Safety and Human Resources industries. Founded in 1953, J. J. Keller has devoted decades to developing its safety and regulatory compliance products to make it easier for customers to manage their businesses in these areas.

8. J. J. Keller's diverse product line features publications, training, regulatory forms, supplies, computer software, and custom solutions to help customers meet their safety needs and comply with regulations enforced by federal and state agencies.

9. To keep its products current, J. J. Keller provides bi-annual updates to its publications for its customers who subscribe to an update service, on a per publication basis.

10. J. J. Keller owns and distributes a publication titled J. J. Keller® *Construction Safety & Health Compliance Manual*, recently renamed to J. J. Keller® *OSHA Compliance for Construction Activities* (collectively, "Manual").

11.     J. J. Keller owns a copyright for the Manual, including its 2015 update.  J. J. Keller also owns U.S. Copyright Registration No. TX 8-058-216 for the Manual and its 2015 update.  A true and correct copy of U.S. Copyright Registration No. TX 8-058-216 is attached as Exhibit A.

12.     J. J. Keller similarly owns copyrights for the Manual and its updates from each year from 2007 through 2014.  J. J. Keller also owns U.S. Copyright Registration Nos. TX 6-590-488, TX 7-038-323, TX 6-978-049, TX 7-234-362, TX 7-360-237, TX 7-509-148, TX 7-714-340, and TX 7-892-617, attached as Exhibits B-I.

13.     Perrotto previously purchased 19 Manuals from J. J. Keller in 2007, and an additional 5 Manuals in 2009, totaling 24 Manuals.  Perrotto additionally purchased only one 3-year update service to the Manual in each of 2007, 2010, and 2013.

14.     On February 2, 2016, J. J. Keller was notified by a Perrotto employee that Perrotto copied the update packet from 2015 for the Manual and distributed the copied packets to at least 16 Perrotto locations ("the Accused Manuals").

15.     Upon information and belief, Perrotto routinely copied the bi-annual update packet J. J. Keller provided pursuant to the single 3-year update service Perrotto purchased and distributed the unauthorized copies to its other locations.

16.     On February 3, 2016, J. J. Keller's Senior Licensing and Intellectual Property Manager, Jennifer Altmann, sent a cease and desist letter to Perrotto's President, Jim Radwanski, notifying Perrotto of J. J. Keller's copyright and Perrotto's infringement.  A true and correct copy of this letter is attached as Exhibit J.

17.     Perrotto did not substantively respond to J. J. Keller's February 3, 2016 correspondence.

18. On March 1, 2016, J. J. Keller again sent a cease and desist letter to Perrotto's President notifying Perrotto of J. J. Keller's copyright and Perrotto's continuing willful infringement. A true and correct copy of this letter is attached as Exhibit K.

19. Perrotto did not respond to J. J. Keller's March 1, 2016 correspondence.

20. On March 21, 2016, counsel for J. J. Keller sent another letter reiterating Perrotto's continuing and willful infringement of J. J. Keller's copyright. A true and correct copy of this letter is attached as Exhibit L.

21. Upon information and belief, as of the filing of this Complaint, Perrotto continues to willfully infringe J. J. Keller's copyrights.

## COUNT I
*Copyright Infringement*

22. J. J. Keller incorporates the allegations of Paragraphs 1-21 of this Complaint by reference into this Count as though fully set forth herein.

23. J. J. Keller owns valid and enforceable copyrights and U.S. Copyright Registration Nos. TX 6-590-488, TX 7-038-323, TX 6-978-049, TX 7-234-362, TX 7-360-237, TX 7-509-148, TX 7-714-340, TX 7-892-617, and TX 8-058-216 for the Manual.

24. Despite J. J. Keller's exclusive rights to the Manual, Defendant has infringed, induced, or contributed to the infringement of, J. J. Keller's copyrights in the Manual by copying the Manual and distributing the Accused Manuals to at least 16 different Perrotto locations, all without J. J. Keller's permission, in violation of 17 U.S.C. § 501.

25. Defendant's copyright infringement has been willful, knowing, and intentional.

26. Defendant's copyright infringement has caused irreparable harm to J. J. Keller that cannot be easily ascertained.

27. Unless enjoined by the Court, Defendant will continue to do the acts complained of in this Complaint and cause damage and injury, all to J. J. Keller's irreparable harm and Defendants' unjust enrichment.

## JURY DEMAND

J. J. Keller demands a trial by jury on all matters and issues triable by a jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff J. J. Keller & Associates, Inc. respectfully requests that this Court enter judgment in favor of J. J. Keller and against Defendant, granting the following relief:

a) judgment that Defendant has willfully infringed, induced infringement of, or contributed to the infringement of J. J. Keller's copyrights in the Manual;

b) an injunction against Defendant, including its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with it who receive notice of this injunction, permanently enjoining them from copying, importing, publicly displaying, distributing, selling, or advertising products infringing J. J. Keller's copyrights;

c) an order that Defendant be directed to deliver up to this Court for destruction, pursuant to 17 U.S.C. § 503, all products, publications, or other articles in its possession infringing upon J. J. Keller's copyrights, or any reproduction, counterfeit, copy, or colorable imitation thereof;

d) an order that Defendant be required to account for and pay over to J. J. Keller all actual damages suffered by J. J. Keller; all gains, profits, and advantages derived

by the Defendant from its infringement of J. J. Keller's copyrights, and such other damages as the Court shall deem proper within the Copyright Act;

e) an award of increased damages to fully compensate J. J. Keller and punitive damages for the willful and wanton nature of Defendant's wrongful acts;

f) an award to J. J. Keller of its costs and expenses, including all reasonable attorneys' fees recoverable under the Copyright Act or any other applicable law or rule;

g) pre-judgment and post-judgment interest as allowed by law; and

h) such other and further relief as this Court deems fair and equitable.

Dated: May 20, 2016.  Respectfully submitted,

By: /s/ Rachel N. Bach
Billie Jean Smith, SBN 1019565
Katherine W. Schill, SBN1025887
Rachel N. Bach, SBN 1092048
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI  53202-4108
Phone:  414.271.6560
Fax:  414.277.0656
Email: bjsmith@michaelbest.com
kwschill@michaelbest.com
rnbach@michaelbest.com

***Attorneys for J. J. Keller & Associates, Inc.***